ORIGINAL

FILED
2013 MAY 31 AM 10: 38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

PHILLIP R. MALTIN (SBN: 153606)
AARON P. RUDIN (SBN: 223004)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-mail: pmaltin@gordonrees.com;
arudin@gordonrees.com

Attorneys for Defendants and Third-Party Plaintiffs STATE FISH CO., INC. and CALPACK FOODS, LLC

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PROSPERITY FUNDING, INC, a North Carolina Corporation,

    Plaintiff,

vs.

STATE FISH CO., INC., a California corporation; CALPACK FOODS, LLC, a California limited liability company; and DOES 1-10, inclusive,

    Defendants.

_____

STATE FISH CO., INC., a California corporation and CALPACK FOODS, LLC, a California limited liability company,

    Third-Party Plaintiffs

vs.

A+ STAFFING, LLC, a California limited liability company; ANNA ABREGO, an individual, and ROES 1-10, inclusive.

    Third-Party Defendants.

CASE NO. CV13-03350-JCG

**STATE FISH CO., INC. AND CALPACK FOODS, LLC'S THIRD-PARTY COMPLAINT AGAINST A+ STAFFING LLC AND ANNA ABREGO FOR**

**1) INDEMNITY;**
**2) COMPARATIVE CONTRIBUTION;**
**3) FRAUD;**
**4) NEGLIGENT MISREPRESENTATION;**
**5) NEGLIGENCE.**

**DEMAND FOR JURY TRIAL**

-1-
STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

Third-Party Plaintiffs State Fish Co. Inc. ("State Fish") and Calpack Foods, LLC ("Calpack") (collectively referred to hereinafter as "Third-Party Plaintiffs"), for its causes of action against Third-Party Defendants A+ Staffing, LLC ("A+ Staffing") and Anna Abrego ("Abrego") (collectively referred to hereinafter as "Third-Party Defendants"), allege as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff and Counter-Defendant Prosperity Funding, Inc. ("Prosperity Funding") alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, claiming there is complete diversity of citizenship between the parties and that the amount in controversy is in excess of $75,000.00.

2. To the extent this Court has subject matter over the underlying action pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this Third-Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

3. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(1) because the defendants and Third-Party Defendants reside in this judicial district.

## II. THE PARTIES

4. Plaintiff Prosperity Funding, Inc. ("Prosperity Funding") alleges it is a North Carolina company with its principal place of business in the state of North Carolina.

5. Defendant and Third-Party Plaintiff State Fish, Co. ("State Fish"), is a California corporation, with its principal place of business in the state of California.

6. Defendant and Third-Party Plaintiff Calpack Foods, LLC ("Calpack") is a California limited liability company, with its principal place of business in the state of California.

7. Third-Party Defendant A+ Staffing, LLC ("A+ Staffing") is a California limited liability company, with is principal place of business in the state of California.

8. Third-Party Defendant Anna Abrego, is an individual who, on information and belief, resides in Los Angeles County, California.

9. Third-Party Plaintiffs are informed and believe, and on that basis allege, that at all relevant times herein each Third-Party Defendants and each Plaintiff acted as an agent, servant or representative of each of the other Third-Party Defendants and Plaintiff, or were at all times mentioned herein acting within the course and scope of such agency, servitude or representation, and that all acts of the Third-Party Defendants and Plaintiff, and each of them, were authorized, directed and ratified by each of the remaining Third-Party Defendants and Plaintiff.

### III. **GENERAL ALLEGATIONS**

10. In its Complaint in this action, Prosperity Funding alleges that on or about July 12, 2011, it entered into a Factoring and Security Agreement with A+ Staffing (the "Factoring Agreement") pursuant to which, among other things, Prosperity Funding purchased accounts receivable from A+ Staffing. Prosperity Funding alleges that a true and correct copy of the Factoring Agreement is attached as Exhibit A to its Complaint and incorporated by reference therein.

11. Prosperity Funding further alleges that A+ Staffing granted a security interest in its "various assets" to Prosperity Funding.

12. Prosperity Funding alleges that attached as Exhibit B to its Complaint in this action, are true and correct copies of a UCC-1 Financing Statement and UCC-3 Financing Statement which perfected Prosperity Funding's security interest in the "various assets" of A+ Staffing.

STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

13.     Prosperity Funding alleges that, as a factor, it purchased certain Accounts from A+ Staffing and provided notice to all "Account Debtors" that each was to pay to Prosperity Funding all obligations owed to A+ Staffing.

14.     Prosperity Funding further alleges that as a debtor that has sold an account, A+ Staffing did not retain any legal or equitable interest in the account sold.

15.     Prosperity Funding further alleges that, pursuant to the Factoring Agreement, it received a Schedule of Accounts from A+ Staffing identifying the invoices that were eligible for purchase and the name of the Account Debtor. Prosperity Funding also alleges that it received copies of the invoices it purchased.

16.     Prosperity Funding alleges that it identified State Fish and Calpack as receiving services from the Schedule of Accounts and it obtained invoices that A+ Staffing issued to them.

17.     Prosperity Funding alleges that, pursuant to the Factoring Agreement and Commercial Code section 9406(a), A+ Staffing sent a Notice of Assignment to State Fish on September 16, 2011, which State Fish's HR Manager Kim Mendoza purportedly signed and returned to A+ Staffing on or about September 22, 2011. Prosperity Funding alleges that it attached to its Complaint as Exhibit C a true and correct copy of the Notice of Assignment to State Fish.

18.     Neither Prosperity Funding nor A+ Staffing sent a Notice of Assignment to Calpack. Correspondingly, Calpack did not receive a Notice of Assignment from Prosperity Funding nor A+ Staffing. Calpack did not acknowledge, sign or deliver a signed copy of any Notice of Assignment to Prosperity Funding or A+ Staffing.

19.     Prosperity Funding alleges that State Fish and Calpack began making payments on invoices directly to Plaintiff as directed by the invoices and the Notice of Assignment served only on State Fish.

20.     On September 11, 2012, Anna Abrego of A+ Staffing sent an e-mail

-4-
STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

to State Fish stating "As of w/e 9/10/12 [sic] all payments are to be sent directly to A+ Staffing, LLC." Attached to the e-mail was a letter stating, "This letter hereby authorizes and instructs you to remit payment for present and future invoices directly to A+ Staffing, LLC." True and correct copies of this e-mail and the letter accompanying it are attached collectively to this pleading as Exhibit 1.

21. After receiving the e-mail and letter from Anna Abrego of A+ Staffing, State Fish and Calpack received invoices directing them to pay A+ Staffing. Pursuant to the e-mail, letter and invoices, State Fish and Calpack paid A+ Staffing.

22. Paragraph 15 of the Factoring Agreement defines an "Event of Default" as including these two things, among others:

    a. "15.2. [A+ Staffing] shall breach any term, provision, or covenant, warranty or representation, under this Agreement"; and

    b. "15.8 [A+ Staffing] shall attempt to deposit the proceeds of any Purchased Account."

23. Paragraph 15.1.1 of the Factoring Agreement provide that upon the occurrence of any "Event of Default (and without notice to [Prosperity Funding]" A+ Staffing "may collect all Accounts, regardless of whether such Accounts are purchased Accounts and may contact Account Debtors by any means for any purpose."

24. On information and belief, the September 11, 2012, e-mail and letter from Anna Abrego and A+ Staffing to State Fish constituted an Event of Default under the Factoring Agreement, and pursuant to the Factoring Agreement, A+ Staffing was authorized by Prosperity Funding, and/or as the express agent of Prosperity Funding, to collect on the State Fish and Calpack accounts and to contact State Fish and Calpack in order to do so, pursuant to the express authorization of Prospertify Funding.

25. Nevertheless, Prosperity Funding alleges that in November of 2012,

-5-
STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

State Fish and Calpack ceased making payments to Prosperity Funding resulting in combined unpaid invoices in an amount of at least $228,574.97, of which $62,660.11 were allegedly for Calpack invoices and $165,924.86 were for State Fish invoices.

## FIRST CLAIM FOR RELIEF

### (Indemnity By Third-Party Plaintiffs Against Abrego, A+ Staffing and Roes 1-5)

26. Third-Party Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

27. Third-Party Plaintiff are informed and believe, and thereon allege, that Anna Abrego, A+ Staffing and Roes 1-5, and each of them, committed wrongful acts and/or were negligent, careless, and reckless in a manner which was the proximate cause of the injuries and damages, if any, alleged by Prosperity Funding in the Complaint in this action.

28. Third-Party Plaintiffs are informed and believe, and thereon allege, that in the event said negligence or wrongful conduct of Anna Abrego, A+ Staffing and Roes 1-5, and each of them, is determined to have been a proximate cause of the injuries and damages, if any, allegedly sustained by Prosperity Funding in the Complaint, then Third-Party Plaintiffs are entitled to partial and/or full indemnity from Anna Abrego, A+ Staffing and Roes 1-5, and each of them, on a comparative fault basis and in an amount equal to the portion of the verdict or judgment, if any, which is attributable to the wrongful conduct and/or negligent acts or omissions of Anna Abrego, A+ Staffing and Roes 1-5, and each of them.

## SECOND CLAIM FOR RELIEF

### (Comparative Contribution By Third-Party Plaintiffs Against Anna Abrego, A+ Staffing And Roes 1-5)

29. Third-Party Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 28, as though fully set forth herein.

STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

30. Third-Party Plaintiffs are informed and believe, and thereon allege, that they are now faced with a potential loss, which, in good conscience, equity, and justice they should not be faced with by virtue of their conduct.

31. Third-Party Plaintiffs are informed and believe, and thereon allege, if any judgment or settlement occurs by which Third-Party Plaintiffs are required to make payment to Prosperity Funding, Third-Party Plaintiffs are entitled to contribution from Anna Abrego, A+ Staffing and Roes 1-5, and each of them, in an amount commensurate with that portion of comparative fault attributable to the wrongful conduct and/or negligent acts and omissions of Anna Abrego, A+ Staffing and Roes 1-5, and each of them.

## THIRD CLAIM FOR RELIEF

### (Fraud Against Anna Abrego, A+ Staffing and Roes 6-10)

32. Third-Party Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 31, as though fully set forth herein.

33. On September 11, 2011, in an e-mail and letter sent to State Fish, Anna Abrego, A+ Staffing and Roes 6-10 represented that all payments for invoices after September 10, 2012 were to be sent directly to A+ Staffing and that "payments remitted to any other address will not constitute payment of the invoices". See Exhibit 1 attached and annexed to this pleading.

34. To the extent Prosperity Funding prevails on its claims against Third-Party Plaintiffs, the above material representations by Anna Abrego, A+ Staffing and Roes 6-10 were false.

35. On information and belief, Anna Abrego, A+ Staffing and Roes 6-10 knew the above representations were false and/or made the above material representations recklessly and without regard for their truth.

36. Anna Abrego, A+ Staffing and Roes 6-10 intended that Third-Party Plaintiffs would rely on the above representations and Third-Party Plaintiffs did reasonably rely upon the above material representations by sending payments on

the invoices they received after September 11, 2012 directly to A+ Staffing.

37. As a result, Third-Party Plaintiffs were harmed in an amount to be proven at trial, but believed to be not less than $228,584.97, and Third-Party Plaintiffs' reasonable reliance on the above material representations by Anna Abrego, A+ Staffing and Roes 6-10 was a substantial factor in causing this harm.

38. Anna Abrego, A+ Staffing and Roes 6-10 engaged in the above-conduct with malice, oppression and/or fraud, such that Third-Party Plaintiffs are entitled to an award of punitive damages pursuant to California Civil Code section 3294.

39. As a result of the tortuous conduct of Anna Abrego, A+ Staffing and Roes 6-10, Third-Party Plaintiffs have incurred attorney's fees in connection with protecting their interests and defending themselves against the claims asserted by Priority Funding. As a result, Third-Party Plaintiffs are entitled to award of such reasonable attorney's fees against Anna Abrego, A+ Staffing and Roes 6-10.

### FOURTH CLAIM FOR RELIEF

### (Negligent Misrepresentation Against

### Anna Abrego, A+ Staffing and Roes 6-10)

40. Third-Party Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 39, as though fully set forth herein.

41. On September 11, 2011, in an e-mail and letter sent to State Fish, Anna Abrego, A+ Staffing and Roes 6-10 represented that all payments for invoices after September 10, 2012 were to be sent directly to A+ Staffing and that "payments remitted to any other address will not constitute payment of the invoices". See Exhibit 1 hereto.

42. To the extent Prosperity Funding prevails on its claims against Third-Party Plaintiffs, the above material representations by Anna Abrego, A+ Staffing and Roes 6-10 were false.

43. To the extent Anna Abrego, A+ Staffing and Roes 6-10 reasonably

believed the material representations were true, they had no reasonable grounds for believing the material representations were true at the time they made them.

44. Anna Abrego, A+ Staffing and Roes 6-10 intended that Third-Party Plaintiffs would rely on the above material representations and Third-Party Plaintiffs did reasonably rely upon the above material representations by sending payments on the invoices they received after September 11, 2012 directly to A+ Staffing.

45. As a result, Third-Party Plaintiffs were harmed in an amount to be proven at trial, but believed to be not less than $228,584.97, and Third-Party Plaintiffs' reasonable reliance on the above representations by Anna Abrego, A+ Staffing and Roes 6-10 was a substantial factor in causing this harm.

46. As a result of the tortuous conduct of Anna Abrego, A+ Staffing and Roes 6-10, Third-Party Plaintiffs have incurred attorney's fees in connection with protecting their interests and defending themselves against the claims asserted by Priority Funding. As a result, Third-Party Plaintiffs are entitled to award of such reasonable attorney's fees against Anna Abrego, A+ Staffing and Roes 6-10.

### FIFTH CLAIM FOR RELIEF
**(Negligence Against Anna Abrego, A+ Staffing and Roes 6-10)**

47. Third-Party Plaintiffs incorporates by reference the allegations set forth above in paragraphs 1 through 46, as though fully set forth herein.

48. As a result of Third-Party Plaintiffs respective contractual relationships, and course of dealings, with Anna Abrego, A+ Staffing and Roes 6-10, Anna Abreo, A+ Staffing and Roes 6-10, and each of them, owned a duty of care to Third-Party Plaintiffs to not engage in any unreasonable conduct to could harm Third-Party Plaintiffs, including but not limited to, providing untruthful and/or inaccurate reporting concerning any amounts owed by Third-Party Plaintiffs and/or providing untruthful and/or inaccurate information pertaining to the payment of any amounts owed by Third-Party Plaintiffs.

49. On information and belief, Anna Abrego, A+ Staffing and Roes 6-10 breached their duty of care to Third-Party Plaintiffs by negligently providing untruthful and/or inaccurate information to Third-Party Plaintiffs with respect to the payment obligations owed by Third-Party Plaintiffs.

50. The above negligent conduct by Anna Abrego, A+ Staffing and Roes 6-10, was a substantial factor in causing Third-Party Plaintiffs to suffer harm in an amount to be proven at trial, but believed to be not less than $228,584.97.

51. As a result of the tortuous conduct of Anna Abrego, A+ Staffing and Roes 6-10, Third-Party Plaintiffs have incurred attorney's fees in connection with protecting their interests and defending themselves against the claims asserted by Priority Funding. As a result, Third-Party Plaintiffs are entitled to award of such reasonable attorney's fees against Anna Abrego, A+ Staffing and Roes 6-10.

WHEREFORE, Third-Party Plaintiffs pray as follows:

1. For partial and/or full indemnity from Anna Abrego, A+ Staffing and Roes 1-5, and each of them, on a comparative fault basis and in an amount equal to the portion of any verdict or judgment rendered in favor of Prosperity Funding;

2. For contribution by Anna Abrego, A+ Staffing and Roes 1-5, and each of them, to the level of their respective fault in connection with any judgment in favor Prosperity Funding;

3. For monetary damages in an amount not less than $228,584.97.

4. For punitive damages;

5. For reasonable attorneys' fees;

4. For costs of suit incurred herein; and

///
///
///
///
///

-10-
STATE FISH AND CALPACK'S THIRD-PARTY COMPLAINT

5. For such other and further relief as the court may deem proper.

Dated: May 31, 2013

GORDON & REES LLP

By: _____
Phillip R. Maltin
Aaron P. Rudin
Attorneys for Defendants and Third-Party Plaintiffs STATE FISH CO., INC. and CALPACK FOODS, LLC

## **DEMAND FOR JURY TRIAL**

The Third-Party Plaintiffs hereby demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 31, 2013

GORDON & REES LLP

By: _____
Phillip R. Maltin
Aaron P. Rudin
Attorneys for Defendants and Third-Party Plaintiffs STATE FISH CO., INC. and CALPACK FOODS, LLC

## Billing

| | |
|---|---|
| **From:** | Tony Flores |
| **Sent:** | Tuesday, September 11, 2012 7:41 AM |
| **To:** | Billing |
| **Cc:** | Sandy Snider; Kim Mendoza |
| **Subject:** | FW: Payment |
| **Attachments:** | img421.pdf |
| **Importance:** | High |

Good morning Lynn,

Please read below e-mail.

Thank you,

Tony Flores

---

**From:** anna@aplus-staffing.com [mailto:anna@aplus-staffing.com]
**Sent:** Tuesday, September 11, 2012 7:33 AM
**To:** Tony Flores; Lily La
**Cc:** Alma Madrigal
**Subject:** Payment
**Importance:** High

Good Morning,

Attached is a letter that explains where to send payment to;
As of w/e 9/10/12 all payments are to be sent directly to A+ Staffing, LLC
Any other invoices that are due prior to w/e 9-10-12 need to be made out to Prosperity Funding.
Please have your payroll department sign and fax it to me.

Any questions please fee free to call me @ 909-202*9208

Thank you,

Anna Abrego
A+ Staffing, LLC
Office 909-460-2535
Fax 909-587-2196

1

# A+ Staffing, LLC

Dear Customer:

This letter herby authorizes and instructs you to remit payment for present and future invoices directly to A+ Staffing, LLC.

All payments are to be made out to the address below:

A+ Staffing, LLC

5587 Holt Blvd. Suite C

Montclair, Ca. 91763

(Payments remitted to any other address will not constitute payment of the invoices).

Please sign this notification and fax it too A+ Staffing, LLC @ 909-587-2196

Company Name: _____

Company Address: _____

Name and Title (please print): _____

Signature:_____ Date: _____

Should you have any questions please do not hesitate to contact A+ Staffing, LLC @ (909) 460-2504.

Sincerely,

A+ Staffing, LLC

A+ Staffing, LLC 5587 Holt Blvd. Suite C Montclair, Ca. 91763   Phone (909) 460-2504  Fax (909) 460-2579